Weight, J.,
delivered the opinion of the Court.
The decree of the Chancellor, in this cause, should be affirmed. We áre satisfied from the proof that the verdict of the jury is correct, and that the true line between the parties was established by it. The decree, then, being sustained by the proof and the verdict of the jury, should stand, unless the Chancellor, in his charge to the jury, upon the issues submitted to them, committed some error. This, it is insisted by the defendants’ counsel, he did.
But, after a careful examination of the charge, we are unable to perceive any error in it of which the defendants can complain.
It is objected, that the Chancellor did not give force enough to the survey, or plat, made out by the surveyor and commissioners, who divided the lands of John Coulter in 1812, and under which Jane Yancy derived her share in her father’s estate.
The Court was ashed to charge the jury, that the plat annexed to a grant, or partition, has the effect to control general or directory calls, and even locative calls, and is entitled to great weight in ascertaining a boundary, and particularly so, when it concurs, substantially, with course and distance.
In answer to this, the Court instructed the jury, that the plat was a circumstance to be taken into their consideration in ascertaining the true boundary of the land *62 allotted to Mrs. Yartcy; but it might be disregarded if the calls and other evidence in the case showed that the commissioners intended, and did include the whole of the 400 acre tract in their partition, going to the extreme boundary' of that tract.
This is, in substance, the doctrine laid down by this Court in Tate v. Gray’s Lessee, 1 Swan, 73, and is not in conflict with Bell v. Hickman, 6 Hump., 398. The party is entitled to the lands actually appropriated; and if the land had been actually surveyed, and the lines marked different from the plat, the marked boundary would control it. In this case, the evidence ivas abundant, of an actual survey and appropriation at variance with the plat; and the instructions of the Court were right.
It is next objected that the charge of the Court, in answer to the 4th, 5th, and 6th -propositions of defendants’ counsel, was erroneous. It may be well here to state, that the defendants had, in the year 1844, purchased of John M. Preston a tract of land adjoining that in dispute, and claimed that the deed taken by them covered the land in controversy, and that under it they had held seven years possession, and had title by the statute of limitations. This deed, however, and a regular chain of prior conveyances, showed that it did not embrace the land in dispute, but in fact called to adjoin the John Coulter 400 acres, and to corner on the three pines spoken of as a corner of his grant, and established by the jury as the true corner. But it appeared that the defendants, and those of whom they claimed, had held many years possession of two small pieces of the land, within the land in dispute, having them *63 enclosed up to tbe disputed line; and that when Preston made the deed, one of defendants, upon a survey of the land, had, in some way, marked a line with his knife, so as to include all or a part of the''■disputed land. And the other proof in the case abundantly shows, that the possession of defendants was a naked one.
In this state of the case, the Court, after allowing the defendants to hold under the statute of limitations, to the extent pf their actual enclosure, instructed the jury further, that if at the time Preston made his deed to the defendants, he went on the ground, designated and marked a line different from that called for in his deed, and the defendants held and claimed up to that new line, being different from the one designated in the conveyance and in the previous conveyances, and the same was held by the defendants for seven years, adversely, it would be such color of title, that, under the statute of limitations, they would be vested with the fee under the first section of the act of 1819; but that unless there was full and complete' evidence that there was another line, known, marked, and recognized by Preston, at the time of his conveyance, different from the line called for as the line of the John Coulter 400 acre tract, defendants’ deed would be confined to and bounded by the line which the jury might believe was the true original line of the grant; that should they believe the original north line of the 400 acre tract was where the complainant contended, the defendants’ deed stopped at that point, unless a different one was marked and recognized by Preston at the date of his deed, in which event defendants’ deed would go to it. That a line to be marked must have the usual designations on the trees, or other *64 distinct and visible indications, showing, with reasonable certainty to the enquirer, that it was a boundary line.
It is alleged that this charge, in their inquiry as to the boundary, confined the jury to the acts and decía rations of the parties at the time Preston made his deed to the defendants, and excluded from their consideration all antecedent and subsequent acts — possession and the like — tending to show where this true line really was. But we think an examination of the whole charge will show that this is not so, and that the case was fairly submitted to the jury upon all its facts, and that certainly the defendants have no valid ground of complaint against the charge.
The merits of the case have been reached, and we affirm the decree.